Julian E. Hanley, J.
Petitioner is serving a seven-year sentence for criminally selling a dangerous drug in the fourth degree, a 1971 violation of section 220.30 of the Penal Law. He did not receive any examination for drug addiction before he was sentenced.
Section 207 (now § 81.19) of the Mental Hygiene Law attempts to define those criminals who must be examined for narcotics addiction before they can be sentenced. Provisions are made for then sentencing the defendant either to Narcotic Addiction Control Commission for treatment, or to prison as an ordinary offender.
Petitioner now claims his prison sentence was illegal because he had no presentence narcotics examination. No one said to the sentencing court that the defendant was a drug user. In fact, the record is bare of even a suggestion that the defendant was an addict. However, petitioner argues that the offense itself, sale of dangerous drugs, Was enough to require the *83 sentencing court to order a drug addiction examination before sending him to jail.
What does the statute itself tell us?
The part of section 207 that concerns us here is all contained in one sentence, the first one in subdivision 1 of section 207 of the Mental Hygiene Law. The trouble with this sentence is that it is 134 words long, half the length of the Gettysburg Address.
The legislative scriveners that cut and polished this literary gem did sprinkle it with commas, but they failed to crown it with as much as a semicolon. Which of this sentence’s myriad clauses modifies what?
The only thing that can save this ersatz literary product from judicial recycling due to unconstitutional vagueness is the rule of construction. The statute survives only because we must first assume it to be constitutional, and secondly, salvage any pertinent part of the sentence that can be excised.
That separated portion from section 207 rqads: “ every person charged with a violation of any offense defined in article two hundred twenty of the penal law, and every person charged with any felony or misdemeanor or the offense of prostitution, which was committed after October first, nineteen hundred sixty-seven, who, while in custody or when he appears before the court, shall state, indicate or show symptoms, or it otherwise appears, that he is a narcotic addict, shall undergo a medical examination to determine whether he is a narcotic addict.”
Does this mean that every person who violates section 220 shall be examined? Bather does it say that section 220 vio-r lators, felons and other offenders must, in addition, show signs of narcotics addiction in order to require examination?
If we try to separate these various classes of offenses and Say that each one by itself requires a medical examination,, we would reach the absurd result that “ every person charged with a felony or misdemeanor” would have to have a narcotics examination. Obviously, the Legislature did not mean that every criminal must be examined for drugs. If the statute is to make any sense, we' must conclude that there must be some signs of narcotics use in addition to the offense before an examination is required.
So, committing one of these offenses by itself does not require a presentence narcotics examination. Other matter must also be present to alert the court tó a possible narcotics addiction problem.
*84 There being no information here before the sentencing court outside of the crime itself, to show any drug addiction, the prison sentence was proper.
Petition denied.